UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NEAL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV-00-PT-2250-E |
| | ) | |
| REVOLUTION GROUP OF ALABAMA, INC., et. al, | ) ) | |
| | ) | |
| Defendants. | ) | |



## MEMORANDUM OPINION

This cause comes to be heard upon defendant Revolution Group of Alabama, Inc.'s ("Revolution Group") Motion to Compel Arbitration filed on October 10, 2000.

## FACTS

Plaintiff James Neal ("the plaintiff") has brought this action for odometer fraud, fraudulent misrepresentation, fraudulent suppression, and related claims against defendants Revolution Group and Regions Bank ("Regions"). The plaintiff's claims arise from his attempt to purchase two trucks from Revolution Group. According to the plaintiff, he decided to buy a red truck and a white truck from Revolution Group, but conditioned the purchase of the trucks upon obtaining financing for both trucks. The plaintiff claims that Revolution Group agreed to obtain financing and represented to him that Regions had approved the financing of both trucks. The plaintiff alleges that, in reality, Regions had only approved one truck, and that by telling him that Regions had approved financing for both trucks, Revolution group had knowingly made a false representation of a material fact with the intent to defraud him. The plaintiff also brings his

1

claim for odometer fraud under the federal Motor Vehicle Information and Cost Savings Act ("Odometer Act"), 49 U.S.C. § 32701 *et seq*.

According to the plaintiff, Revolution Group presented him with two installment sales contracts– one for each truck– that represented that Regions would finance each transaction. The plaintiff claims that he entered into the two contracts in reliance upon the financing representations. Both installment contracts contained provisions entitled "Arbitration of Disputes and Waiver of Jury Trial." Revolution Group has produced an additional Arbitration Agreement that bears the plaintiff's signature. The arbitration provisions in the installment contracts and the arbitration agreement provide for binding arbitration of disputes or claims arising from or relating to, among other things, the agreements, any related documents, or relationships arising from the agreements.

## ARGUMENT

The plaintiff initially filed this action in the Circuit Court of Clay County, Alabama. Defendant Regions removed the action to this court on August 11, 2000. On October 10, 2000, Revolution Group filed this motion to compel arbitration and to stay/adjust the court's scheduling order in this case. Revolution Group argues that compelling arbitration is proper pursuant to the Federal Arbitration Act, which provides that a written provision to arbitrate disputes in a contract involving interstate commerce is valid, irrevocable, and enforceable. 9 U.S.C. § 2 (1988). Revolution Group argues that the plaintiff has conceded that the transaction involving him, Revolution, and Regions affects interstate commerce by bringing this action, in part, under 49 U.S.C. § 32705, "Odometer Fraud," as well as by alleging that the transaction involved interstate commerce in paragraph 7 of his response to Revolution Group's counterclaim. Revolution Group also argues that, while Regions is not a party to either of the

contracts, but instead is an assignee of only one contract, compelling arbitration, even in the case of the plaintiff's claims against Regions, is proper through equitable estoppel, citing <u>Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.</u>, 10 F.3d 753, 757 (11th Cir. 1993)("the lack of a written arbitration agreement is not an impediment to arbitration.") and <u>MS Dealer Service Corp. v. Franklin</u>, 177 F.3d 942, 947 ("there are certain limited exceptions, such as equitable estoppel, that allow nonsignatories to a contract to compel arbitration."). Revolution Group argues that compelling arbitration in this case is warranted because the plaintiff has alleged claims against it and Regions that are intertwined and that allege concerted action, citing to <u>Franklin</u>, 177 F.3d at 947. Revolution Group also argues that compelling arbitration is proper because the plaintiff relies upon the existence of a contract containing an arbitration clause between himself and Regions. Finally, Revolution Group argues that this court should compel arbitration because the contract for the red truck that the plaintiff claims exists between himself and Regions is closely connected to the contract for the white truck, which undisputedly was assigned to Regions..

  The plaintiff does not dispute the existence of an arbitration clause in either case. Instead, the plaintiff argues that the arbitration clause in both of the installment sales contracts and the separate arbitration agreement are invalid and unenforceable pursuant to <u>Randolph v. Green Tree Financial Corp.</u>, 178 F.3d 1149 (11th Cir. 1999), because the clause and agreement do not address which party pays the filing fees or the costs and expenses of arbitration. The plaintiff claims that, like the arbitration clause invalidated in <u>Randolph</u>, the clause and agreement "fail to guarantee that the plaintiff will be able to fully and effectively vindicate his rights without steep filing fees, steep arbitrator's fees, or other high costs of arbitration." <u>Id.</u> at 1158 (citing <u>Paladino v. Avnet Computer Technologies, Inc.</u>, 134 F.3d 1054, 1062 (11th Cir. 1998). For additional support, the plaintiff cites to this court's opinion in another case, <u>Wood v. Cooper</u>

3

Chevrolet, Inc., 102 F. Supp. 2d 1345, 1351-1352 (N.D. Ala. 2000), in which this court refused to compel arbitration because the arbitration clause failed to specify which party was to pay filing fees and the other costs of arbitration. In Wood, the court, invoking Randolph, found that because the arbitration clause was silent with respect to the payment of expenses, it conflicted with Congress's grant of a limited recovery under the Truth In Lending Act, 15 U.S.C. § 1640(a)(1)(2)(A)("TILA").

This issue is not as simple as it appears to be on its face. It is true that the Randolph court held that the arbitration clause was unenforceable because it did not specify which party was to pay the filing fees and other costs of arbitration. However, the reason that the court invalidated the clause was that if the costs and filing fees were attributed to the plaintiff, they would likely negate the recovery that the plaintiff had claimed under the TILA, a federal remedial statute. 178 F.3d at 1157-1158. The Randolph court based its holding on the holding of a prior Eleventh Circuit case, Paladino v. Avnet Computer Technologies, 134 F.3d 1054, 1062 (11th Cir. 1998), in which the court invalidated an arbitration clause that operated to defeat the plaintiff's ability to recover damages and equitable relief under Title VII. The court stated broadly that "When an arbitration clause has provisions that defeat the remedial purpose of the statute, therefore, the arbitration clause is not enforceable." Id. (citing Cole v. Burns Int'l Sec. Servs., 105 F.3d 1465, 1468 (D.C. Cir. 1997)). This court reached the same conclusion in Wood, invalidating the arbitration clause in question because, like the clause in Randolph, its ambiguity concerning the allocation of fees and costs would likely operate to negate the plaintiff's recovery under the TILA. 102 F. Supp. 2d at 1351. Comparing the situation in Wood to that of another case before the court, Cunningham v. Fleetwood Homes, in which the court permitted arbitration, the court highlighted the fact that, while in Cunningham the defendant

committed itself to paying the fees and costs of arbitration without reserving a right to seek reimbursement later, the defendant in Wood had made no such commitment and, indeed, stated that it would seek reimbursement for costs of arbitration at the end of the proceedings. Id. It is more consistent with the line of holdings in Paladino, Randloph, and Wood, then, to conclude that an arbitration clause is not per se unenforceable just because it is silent on the issue of the payment of arbitration fees and costs. Instead, in order to invalidate the arbitration clause on those grounds, the plaintiff must show that if the payment of arbitration fees and costs is eventually allocated to him, it would effectively negate the recovery that he would receive pursuant to the statutes under which he brings his action.

In the instant case, the plaintiff has brought four statutory claims: (1) odometer fraud, under 49 U.S.C. § 32705; (2) fraudulent suppression of a material fact, under Ala. Code § 6-5-102; (3) deceit, under Ala. Code § 6-5-103; and (4) breach of warranty of good title, under Ala. Code § 7-2-301. In his brief in opposition to arbitration, the plaintiff notes that he has brought a federal statutory claim for odometer fraud. He then asserts that if he is required to pay the costs of arbitration, he will "bear more costs in arbitration than he has paid to pursue his claims in federal court." However, the plaintiff does not argue that if he is required to pay arbitration filing fees and costs, those costs will be so steep that they would effectively negate his recovery under either the federal Odometer Act or any of the Alabama statutes. This court can only assume that the plaintiff is arguing that the arbitration clause is unenforceable simply because he may be required to pay the expensive filing fees and costs. This reason, standing alone, is not sufficient to render the clause and agreement in question unenforceable under Randolph.

Here, unlike in Randolph, the Arbitration Agreement states that the disputes will be "settled by binding arbitration . . . according to the Commercial Arbitration Rules of the

5

American Arbitration Association." The <u>Randolph</u> court specifically noted that the clause in that case "does not say whether the rules of the American Arbitration Association . . . apply to the proceeding." 178 F.3d 1158. Apparently some significance is to be attached to that remark. A significant problem for the defendant in <u>Paladino</u> also is not present here. In <u>Paladino</u>, there was a clause which stated, "[t]he arbitrator is authorized to award damages for breach of contract only . . . ." 134 F.3d at 1059. <u>Paladino</u> also says: "Because Avnet makes no promises to pay for an arbitrator . . . . <u>Id.</u> at 1062. Here, unlike in <u>Wood</u>, the defendants have agreed to pay all costs attendant to the stay proceedings and the arbitration proceedings.

## CONCLUSION

The court concludes that it will enforce the arbitration clause only on the following conditions:

The defendants will, within 10 days, jointly and severally, submit to the court and serve a copy on the plaintiff a written agreement which states that the defendants will jointly and severally pay, without recourse except as hereinafter provided, all costs and expenses attendant to the arbitration proceedings. No portion of any such costs or expenses will be recoverable by any defendant unless both the arbitrator(s) and this court, after arbitration, determine that all claims against either defendant, considered separately, are frivolous. The defendants must also agree that the plaintiff will, when appropriate, be entitled to all rights and remedies available under federal and state law, including statutes.

If such an agreement is filed, the defendants will contemporaneously submit a proposed order.

This 21st day of November 2000

*Robert B. Propst*

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

7